THE PEOPLE ex rel. Mary Sellers Connery, Appellee, vs.
JAMES H. BURDETT et al. Appellants.

*Opinion filed February 16, 1916.*

1. CIVIL SERVICE—*when State Civil Service Commissioners are proper parties to a mandamus suit.* Since section 31 of the State Civil Service act precludes the Auditor from drawing any warrant upon the Treasurer for the pay of an employee in the classified service unless there is a proper certificate of the State Civil Service Commissioners, the latter are proper parties to a *mandamus* suit to compel payment of the amount due an employee in such classified service, notwithstanding such employee has previously obtained a decision from the Supreme Court that she is entitled to pay as a civil service employee.

2. SAME—*when respondents cannot urge that petitioner is not entitled to the amount claimed.* If the allegations of an amended petition for *mandamus* by an employee in the classified service to compel the issue of a warrant for her pay show that the petitioner is entitled to the amount claimed and the respondents demur to the petition and elect to abide by their demurrer, they cannot urge in a court of review that the petitioner was not entitled to the money claimed to be due her.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding.

P. J. LUCEY, Attorney General, GEORGE P. RAMSEY, and JOHN J. POULTON, for appellants.

JOSEPH M. CONNERY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellee filed a petition for *mandamus* in the circuit court of Cook county against James H. Burdett, William B. Moulton and Dr. A. B. Culhane, State Civil Service Commissioners, and also against the Auditor of Public Accounts and the State Treasurer, praying that said commissioners authorize said Auditor to order, and said Treasurer to pay, $532.05 due her from the State. After said petition was amended respondents interposed general and special de-

murrers, which were overruled by the trial court and judgment entered in favor of the appellee. Appellants abiding by their demurrers, the court entered an order in favor of appellee according to the prayer of her petition. From that order this appeal was prayed.

From the record before us it appears that appellee has brought this proceeding to procure her pay as an employee under the State civil service in a position to which this court held her entitled in *People* v. *Brady,* 262 Ill. 578. Under the allegations of the amended petition herein it is conceded by appellants' demurrers that the appellee is entitled to the money she claims, and the only objection urged by appellants is that she has not proceeded in the proper manner to obtain the sum so due her.

Counsel for appellants first urge that the State Civil Service Commissioners are not proper parties to this proceeding, and therefore the action should have been brought in the circuit court of Sangamon county instead of the circuit court of Cook county. Section 31 of the State Civil Service act provides: "It shall be unlawful for the Auditor or any other fiscal officer of the State to draw, sign or issue or authorize the drawing, signing or issuing of any warrant on the Treasurer, or any disbursing officer of the State, for the payment of, or for the Treasurer or other disbursing officer of the State to pay any salary or compensation to any officer, clerk or other person in the classified service of the State, unless on an estimate, pay-roll or account for such salary or compensation, containing the names of the persons to be paid, and a statement of the amount to be paid, and the matter on account of which the same is to be paid, shall be filed with him, bearing the certificate of the State Civil Service Commission that the persons named in such estimate, pay-roll or account, have been appointed or employed, or promoted, in pursuance of law and of the rules made in pursuance of this act." (Hurd's Stat. 1913, p. 499.) Manifestly, under this section the Auditor cannot

draw a warrant for the Treasurer to pay the salary or compensation of any clerk or other person in the classified service unless such payment is certified to or approved as required by said section. Counsel for appellants concede that this would ordinarily be so, but argue that as this court, in the case heretofore cited, has held that appellee was entitled to her pay as alleged in the petition here, it is not necessary for the State Civil Service Commissioners to certify to such claim. The section of the statute just quoted makes no such exception, and no other section or provision of the statute has been called to our attention which authorizes the Auditor to draw a warrant for the compensation of the petitioner without certification by the State Civil Service Commissioners. Even in a case like this we think the proper practice, under this statute, is for the State Civil Service Commissioners to certify the claim before the Auditor draws his warrant. This being so, it is conceded that the State Civil Service Commissioners were proper parties and that the suit was rightfully brought in the circuit court of Cook county.

Counsel for appellants further argue that before the petitioner can recover in *mandamus* proceedings on a claim of this kind she must allege a demand upon and refusal by the proper officials. Conceding for the purposes of this case, without deciding, that such a demand and refusal were necessary, we think it is clear from the allegations of this petition that there was such a demand and refusal.

The suggestion of counsel for appellants made on oral argument and referred to in the printed briefs, to the effect that appellee had not shown she was entitled to the money claimed to be due her, cannot be here urged in view of the nature of the pleadings. The allegations on this point in the amended petition are sufficient to show that she is entitled to this money, and having demurred to these allegations, appellants cannot now be heard to urge that she is not entitled thereto. If they desired to make any such de-

fense it should have been presented, under proper pleadings, in the trial court.

The suggestions of counsel that the Treasurer and Auditor are not proper parties here or that the money has not been appropriated to pay this claim are fully answered by the rulings of this court in cases where similar questions were involved. *People* v. *Kipley*, 171 Ill. 44; *City of Chicago* v. *Luthardt*, 191 id. 516; *People* v. *Brady*, *supra*.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*